UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR J. DIETRICH,

        Petitioner,                    Case No. 16-11049
                                                  HON. TERRENCE G. BERG
        v.                                 HON. STEPHANIE DAWKINS DAVIS

GROSSE POINTE PARK, et al.

        Defendants.

                                      /

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 35), GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. 20), GRANTING DEFENDANTS' MOTION FOR SANCTIONS (DKT. 24), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 31)**

Plaintiff Edgar J. Dietrich ("Plaintiff"), acting in pro per, filed suit against Defendants City of Grosse Pointe Park, and its City Manager, Dale Krajniak (collectively "Defendants") (Dkt. 1). The Complaint alleges that Defendants violated Plaintiff's Fifth Amendment right to due process. Plaintiff also alleges various state claims, including tortuous interference with business relationships, conversion, and breach of contract. *Id.* As described in greater detail below, Plaintiff alleges that these wrongs occurred during eviction and collection proceedings relating to a state court judgment.

This matter is before the Court on Magistrate Judge Stephanie Dawkins Davis's Report and Recommendation dated January 12, 2017 (Dkt. 35), recommending that Defendant's motion to dismiss (Dkt. 20) be granted, that

Defendant's motion for sanctions (Dkt. 24) be granted, and that Plaintiff's motion for summary judgment (Dkt. 31) be denied as moot.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (Dkt. 36) to the Report and Recommendation. A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Davis's Report and Recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Accordingly, Defendants' motion to dismiss (Dkt. 20) is **GRANTED**, Defendants' motion for sanctions (Dkt. 24) is **GRANTED**, and Plaintiff's motion for summary judgment (Dkt. 31) is **DENIED AS MOOT**. This matter is hereby re-referred to Magistrate Judge Davis to conduct a hearing, and then recommend an appropriate sanction for Plaintiff's Rule 11 violations.

## BACKGROUND

Plaintiff alleges that on January 1, 2006, Defendant Dale Krajniak, in his capacity as manager of the City of Grosse Pointe Park, entered into a lease with the Dietrich Family Trust (the "Trust") for a building located at 15001 Charlevoix, Grosse Pointe Park, Michigan (Dkt. 1, Pg ID 3). This property became the location for La Chateau Art Gallery & Custom Framing (the "Gallery") and all business transactions relating to the Gallery were transacted with Mr. Krajniak (*Id.*). Plaintiff worked as the manager of the Gallery.

In his Complaint, Plaintiff acknowledges that, in 2005, Peter Tiernan, M.D. ("Tiernan") obtained an $11 million legal malpractice judgment against him (*Id.* at ¶ 8). After winning this judgment against Plaintiff, Tiernan successfully petitioned Wayne County Circuit Court Judge Jeanne Stempien to put the Gallery – owned by the Trust and managed by Plaintiff – into receivership because the Gallery was being "utilized as a vehicle for transferring and hiding property which could be used to satisfy the Judgment" (Dkt. 20, Ex. A, Pg ID 97). On August 26, 2013, Judge Stempien entered an order appointing Basil Simon as the receiver of the Gallery to serve as "the agent of [the] Court … with full powers as Receiver over [the Gallery] and all of [its] businesses, assets and property...." (*Id.*).

In an effort to halt the receivership and preserve his assets, Plaintiff filed a Chapter 7 bankruptcy petition on August 21, 2013. *See* E.D. Mich. Bankr. Case No. 13-57297. On October 29, 2013, the Bankruptcy Court entered an order denying Plaintiff's motion to enforce a mandatory stay under 11 U.S.C. § 362,

holding that the appointment of Mr. Simon as a receiver over the Gallery remained in full force and effect (*Id.*, Dkt. 87). Mr. Simon also is the duly acting and qualified Chapter 7 trustee of Plaintiff's bankruptcy case. That bankruptcy case has been extensively litigated, and is ongoing. During the receivership, and pursuant to the Wayne County Circuit Court's orders, Mr. Simon[1] apparently liquidated the Gallery's assets and accounted for the receipt of the proceeds of such sales to the Wayne County Circuit Court.

Turning back to the Defendants in this case, on November 15, 2013, Plaintiff (through his son) filed a lawsuit in the Grosse Point Park Municipal Court. This suit requested to allow Plaintiff to enter the Gallery, and sought injunctive relief ordering Grosse Pointe's Department of Public Safety to stop "purposefully violating the lease between Plaintiff and the City of Grosse Pointe Park" (Dkt. 20, Ex. F). The Municipal Court dismissed that case with prejudice for lack of jurisdiction. (*Id.*, Ex. G).

Then, in January 2014, Plaintiff sued Defendants in this Court, claiming that he had been wrongfully deprived access to the Gallery. *See* E.D. Mich. Case No. 14-10264. Plaintiff was initially represented by an attorney in that case. Plaintiff's attorney voluntarily dismissed that case without prejudice. Plaintiff, then acting in pro per, filed a motion to reopen that case. In essence, Plaintiff argued that his

---

[1] Plaintiff also filed a civil action against Mr. Simon in this Court. That case was dismissed for lack of subject matter jurisdiction on October 18, 2016. *See Dietrich v. Simon*, No. 16-11071, 2016 WL 6106742 (E.D. Mich. Sept. 14, 2016), *report and recommendation adopted,* No. 16-11071, 2016 WL 6083752 (E.D. Mich. Oct. 18, 2016).

4

prior counsel dismissed the case without first informing him of her intent to do so, and without his express permission, and that the dismissal should be vacated. This Court denied Plaintiff's motion to reopen the case, and noted that Plaintiff could simply re-file a new case if he wanted to reanimate that litigation. In so doing, however, this Court expressly cautioned Plaintiff to "to carefully review the arguments raised [by] Defendants …,particularly those related to the *Rooker-Feldman* doctrine" (*Id.* Dkt. 18, FN 1). The Court also reminded Plaintiff of his Rule 11 obligation to not file frivolous litigation.

Grosse Pointe Park then initiated eviction proceedings against the Trust (the lessor of the Gallery) in 2014. On July 9, 2014, the Grosse Pointe Woods Municipal Court[2] entered an order terminating the lease and ordering the Trust to vacate the Gallery. After the Trust filed a claim of appeal, the parties entered into a release agreement on August 22, 2014. Plaintiff signed the release agreement individually, and on behalf of the Trust (Dkt. 20, Ex. M). The release provides:

> The Dietrich Parties[3], including its predecessors, agents, successors, assigns, joint venturers, partners, current and former employees, servants, representatives, officials, attorneys, associates, and trusties of the foregoing persons, and any other party who may claim under or through them hereby knowingly and voluntarily release, forgive, absolve and discharge all rights, claims, demands, damages, actions, and causes of action, which The Dietrich Parties and its above-mentioned others now have or may have in the future, known or unknown, foreseen or unforeseen, arising from the claims which are the subject matter of the Lease, Eviction, and Appeal against the City and its past and present employees, agents, and/or representatives, and any and all

---

[2] The eviction action was handled by the Grosse Pointe Woods Municipal Court, as the Grosse Pointe Park Municipal Judge had recused himself.

[3] The "Dietrich Parties" are defined in the release as Edgar Dietrich, that is, the Plaintiff in this case, and The Dietrich Trust (Pd ID 268).

5

claims which were, or could have been, or can be asserted against its past and present employees, agents, and/or representatives.

On March 18, 2016 Plaintiff filed the lawsuit that is now before the Court, suing Defendants Grosse Pointe Park and Mr. Krajniak (Dkt. 1). Plaintiff's lawsuit raises four claims: (1) alleged violations of Plaintiff's Fifth Amendment right to not be deprived of property without due process; (2) tortious interference with a business relationship, based on allegations that Defendants' prohibiting Plaintiff from entering the Gallery prevented him from honoring contracts with "consignors;" (3) breach of contract, alleging that Defendants breached the lease agreement for the Gallery; and (4) conversion, alleging that Defendants allowed Mr. Simon to enter the Gallery and sell off the items contained therein.

## ANALYSIS

### A. Motion To Dismiss Standard

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the Court reviews the Complaint in the light most favorable to the plaintiff. *See Eidson v. Tennessee Dep't of Children's Servs.* 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the Complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id*. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Id*. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### B. Rule 11 Sanctions Standard

Under Rule 11(b)(1) a party certifies that by presenting a pleading to the court, the pleading is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying or revising existing laws; and (3) the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Where a motion for sanctions is filed, "it must describe the specific conduct that allegedly violates Rule 11(b)." *General Retirement System of City of Detroit v. Snyder*, 822 F.Supp.2d 686, 698 (E.D. Mich. 2011). In imposing Rule 11 sanctions courts are to examine whether the individual attorney's conduct was reasonable under the circumstances. *Id.* at 699.

Courts have the discretion to determine whether a party's "conduct was unreasonable, thereby justifying an award of sanctions under Rule 11." *Id.* Reasonableness is an objective standard. *See Knestrick v. International Business Machines Corp.*, 945 F. Supp. 1080, 1082 (E.D. Mich. 1996) ("The question is whether a competent attorney * * * after appropriate investigation would have reasonably believed the claim was grounded in fact or law"). Therefore, a party has three obligations under Rule 11. First, to conduct a reasonable inquiry to determine

7

the pleading is well grounded. *Jackson v. Law Firm of O'Hara, Rudberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). Second, the party must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law. *Id*. Third, the document must not be filed for any improper purpose. *Id*.

### C. The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims

The *Rooker-Feldman* doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts. *See Hutcherson v. Lauderdale County*, 326 F. 3d 747, 755 (6th Cir. 2003). It applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Sixth Circuit has explained the application of *Rooker-Feldman* as follows:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Federal jurisdiction is proper, therefore, "if a federal plaintiff presents an independent claim, 'albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" *Brown v. First Nationwide Mortgage Corp.*, 206 Fed. App'x. 436, 439 (6th Cir. 2006) (quoting *Exxon Mobil Corp.*, 544 U.S. at 293). An example of such

an independent claim is one where "there is some other source of injury, such as a third party's actions...." *Id*. To determine the source of the injury, a court must refer to the plaintiff's request for relief. *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (quoting *Evans v. Cordray*, 424 Fed. App'x. 537, 539 (6th Cir. 2011)).

Plaintiff's Complaint makes two central claims. First, Plaintiff claims to have been injured by the Wayne County Circuit Court's appointment of a receiver. Second, Plaintiff claims to have been injured by the Grosse Pointe Woods Municipal Court's order evicting the Trust from the Gallery and terminating the lease. In particular, Plaintiff alleges that Defendants: violated his due process rights by "allowing [Mr. Simon] to seize and sell" the property in the Gallery (Dkt. 1 ¶ 37), interfered with Plaintiff's business relationships by prohibiting him from accessing the Gallery during the eviction process (Dkt. 1 ¶ 39), breached the lease agreement by allowing Mr. Simon to "pillage" the property in the Gallery (Dkt. 1 ¶ 41), and converted Plaintiff's property by allowing Mr. Simon into the Gallery (Dkt. 1 ¶ 43). These allegations are nothing more direct frontal attacks on the orders and judgments of two state courts – the Wayne County Circuit Court, and the Grosse Pointe Woods Municipal Court.

Plaintiff argues in his objections that the source of his injury is not the state court decisions against him. Magistrate Judge Davis concluded to the contrary that the instant action was an attack on those state court judgments, and this conclusion is correct and well supported. Plaintiff's Complaint, distilled to its essence, seeks relief from Defendants Grosse Pointe Park and its city manager for permitting the

duly appointed receiver and trustee from discharging his duties, as expressly authorized by the Wayne County Circuit Court (which appointed Mr. Simon as receiver), the Bankruptcy Court (which appointed Mr. Simon as Trustee), and the Grosse Pointe Woods Municipal Court (which evicted the Trust from the Gallery). The injuries complained of by Plaintiff flow directly from the orders of these courts and the execution of those orders by duly-appointed representatives of the court. Furthermore, Plaintiff, in his response to Defendants' motion to dismiss, argues that "[t]he *Rooker-Feldman* doctrine does not apply where a claim is brought under the Bankruptcy Code" (Dkt. 26, Pg ID 497). The proper forum to litigate alleged violations of the Bankruptcy Code is in the Bankruptcy Court, where Plaintiff's Chapter 7 case is still ongoing.

In sum, Plaintiff's claims in this case are barred by the *Rooker-Feldman* doctrine.

### D. The Release Also Bars Plaintiff's Claims

The second issue presented in Defendants' motion to dismiss is whether Plaintiff's claims are barred by a release agreement. Defendants seek dismissal of the Complaint under Rule 12(b)(6) on the grounds that Plaintiff executed a settlement agreement and release of all legal claims against Defendants relating to the leasing of the Gallery and the subsequent eviction proceedings. In the motion to dismiss before the Court, Defendants have attached a copy of the release as an exhibit to a Rule 12(b)(6) motion (Dkt. 20, Ex. M). The Sixth Circuit has held that "release is an affirmative defense that must be pled by the defendant, which

10

includes showing that the release was fairly executed…." *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1108, FN3 (6th Cir. 2010). Once a defendant has raised release as an affirmative defense, a plaintiff may prove the "the invalidity of the release, which can be done by showing mistake, incapacity, fraud, misrepresentation, unconscionability, or duress." *Id.*

When a party moving under Rule 12(b)(6) presents matters outside the pleadings and the court does not exclude the materials, the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56. Before converting a motion to dismiss, the Court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* But notice is required only to the extent that "one party is likely to be surprised by the proceedings." The necessity of prior notice "depends upon the facts and circumstances of each case." *Id.* In this case, the Court finds it appropriate to convert Defendants' motion to dismiss to a motion for summary judgment without additional notice to the parties. It should be no surprise to Plaintiff that Defendants would rely on the release as a bar to this litigation, after all, Plaintiff himself signed it. Moreover, Plaintiff had multiple opportunities to argue that the release did not bar his claims – first, in his response to Defendants' motion to dismiss, and second, in his objections to Magistrate Judge Davis's Report and Recommendation.

Turing to the release itself, its provisions quite clearly bar the claims that Plaintiff is bringing in this lawsuit. Plaintiff, and the Trust, released all claims

11

"arising from…the subject matter of the Lease, Eviction, and Appeal against the City and its past and present employees." Plaintiff admits that he signed the release, but argues in his objections in conclusory fashion that he did so under duress. Plaintiff has not plead sufficient facts to establish duress. The only argument advanced by Plaintiff was that he was forced to sign the release under duress knowing that he was going to be evicted and his records and personal belongings were within the Gallery. The release was signed after the Municipal Court entered an order of eviction, while that order was on appeal. The release itself allowed Plaintiff a 30-day extension of time to vacate the premises. Plaintiff, an attorney himself, was represented by another attorney during the negotiation of the release. As correctly noted in the Report and Recommendation, Plaintiff has simply not plead sufficient facts to raise an argument that the release is somehow invalid due to duress.

As such, since Plaintiff's claims are barred by the terms of the release, Defendants' motion to dismiss is also granted on these grounds.

### E.  Sanctions

After filing their motion to dismiss, Defendants filed a Rule 11 motion, after complying with that Rule's safe harbor provisions (Dkt. 24). Defendants move for sanctions under Rule 11 because the Complaint in this action was filed despite the application of the *Rooker-Feldman* doctrine and because Plaintiff's claims are squarely barred by the release agreement.

As noted above, Plaintiff previously filed this lawsuit against Defendants. *See Dietrich v. Grosse Pointe Park, et al.*, E.D. Mich. Case No. 14-10264. He was represented by an attorney in that case. Plaintiff's attorney voluntarily dismissed that case without prejudice. Plaintiff, then acting in pro per, filed a motion to reopen the case, arguing that his prior counsel purportedly dismissed the case without first informing him of her intent to do so, and without his express permission, the dismissal should be vacated. This Court denied Plaintiff's motion to reopen the case, and noted that Plaintiff could simply re-file a new case if he wanted to reanimate that litigation. In so doing, however, this Court expressly cautioned Plaintiff to "to carefully review the arguments raised [by] Defendants …, particularly those related to the *Rooker-Feldman* doctrine." Out of a desire to prevent Plaintiff from exposing himself to future sanctions, the Court also reminded Plaintiff of his Rule 11 obligations not to file frivolous litigation.

Despite this express warning, Plaintiff refiled this case without any good faith argument that could overcome the *Rooker-Feldman* doctrine barring his claims. What makes matters worse is that, during the time between the dismissal of the first lawsuit and the filing of the present lawsuit, Plaintiff entered into a release agreement with Defendants that expressly released any claims against Defendants relating to the eviction proceedings or the lease of the Gallery. By signing such a release, Plaintiff essentially agreed not to bring the very claims that he is bringing in this lawsuit. Under such circumstances, Plaintiff's claims are clearly not "warranted by existing law or by a nonfrivolous argument for extending,

13

modifying or revising existing law." Fed. R. Civ. P. 11(b). As properly noted by Magistrate Judge Davis, in similar circumstances courts in this district have not hesitated to impose Rule 11 sanctions. *See e.g., J. Edward Kloian Found. v. Findling*, 2013 WL 6859143, *7-8 (E.D. Mich. Dec. 30, 2013); *Musilli v. Googasian*, 2006 WL 3030974, *6 (E.D. Mich. Oct. 23, 2006; *Lund v. Citibank (West) FSB*, 2007 WL 3408468, *3 (E.D. Mich. Nov. 14, 2007).

In sum, this Court agrees with Magistrate Judge Davis's recommendation that sanctions against Plaintiff are warranted in this case. This matter is hereby re-referred to Magistrate Judge Davis to conduct a hearing and the offer a recommendation to the Court as to what an appropriate sanction should be. The Court will retain jurisdiction over this matter until an appropriate sanction award is determined. *See. e.g., Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 138, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (holding that even where a federal court dismissed a case for lack of subject matter jurisdiction – in that case for lack of a federal question – it nonetheless had jurisdiction to impose Rule 11 sanctions for abuses of the judicial process)).

**F. Plaintiff's Motion for Summary Judgment**

Finally, the Court adopts Magistrate Judge Davis's recommendation that, since Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and by the terms of the release, then Plaintiff's motion for summary judgment should be denied as moot. That motion is denied as moot.

14

## CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Accordingly, Defendants' motion to dismiss (Dkt. 20) is **GRANTED**, Defendants' motion for sanctions (Dkt. 24) is **GRANTED**, and Plaintiff's motion for summary judgment (Dkt. 31) is **DENIED AS MOOT**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. This matter is hereby re-referred to Magistrate Judge Davis to conduct a hearing, and then recommend an appropriate sanction for Plaintiff's Rule 11 violations.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2017

## Certificate of Service

I hereby certify that this Order was electronically submitted on February 28, 2017, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager